**WO**     MDR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Boyce, | No. CV 06-1246-PHX-SMM (VAM) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio; Mary Rose Wilcox; Fulton Brook; Andrew Kuniseth; Don Stapley; Max Wilson; and 5 John Does, | |
| Defendants. | |

Plaintiff, currently confined in the Maricopa County Fourth Avenue Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* by a Prisoner Civil (Non-Habeas). This is one of more than one thousand civil rights actions filed since September 2004 by Maricopa County Jail inmates. The Court will order that the action be served on Defendant Joseph M. Arpaio for an answer to Counts One and Three, and that the remaining claims and Defendants be dismissed without prejudice.

**A.**     **Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action. An initial partial filing fee of $29.30 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and forward it to the Clerk

**TERMPSREF**

of Court. Thereafter, Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of his release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**B.     Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

**C.     Complaint.**

In his three-count Complaint, Plaintiff sues Defendants Maricopa County Sheriff Joseph M. Arpaio; Maricopa County Supervisors Mary Rose Wilcox, Fulton Brook, Andrew Kuniseth, Don Stapley, and Max Wilson; and five John Does.

In Count One, Plaintiff alleges that his Fourteenth Amendment rights were violated because the Maricopa County jails are the only jails in the country to provide only two meals per day and because the food was "usually cold and often spoiled." He contends that this caused him to lose weight and muscle and to suffer depression and undue stress.

In Count Two, Plaintiff alleges that his Fourteenth Amendment rights were violated because of overcrowding. He claims that he was housed with three other inmates in a cell that was intended for two inmates. He alleges no injury from this alleged constitutional violation.

In Count Three, Plaintiff alleges that his Fourteenth Amendment rights were violated because of unsanitary conditions. He claims that the urinals and toilets were only cleaned monthly and that he had no privacy from staff and other inmates. He alleges that this "most likely" caused his hepatitis and caused him undue embarrassment.

In his Request for Relief, Plaintiff seeks "mand[a]tory and punitive damages" and court costs.

Liberally construed, Plaintiff has adequately stated a claim in Counts One and Three and the Court will require Defendant Arpaio to file an answer to these claims.

**D.     Failure to State a Claim**

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Due Process Clause, Bell v. Wolfish, 441 U.S. 520, 535 (1979), and requires proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate health or safety. Id. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:

> the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id. at 837 (emphasis added).

In Count Two, Plaintiff alleges that his Fourteenth Amendment rights were violated because of overcrowding. He claims that he was housed with three other inmates in a cell that was intended for two inmates. He alleges no injury from this alleged constitutional violation.

A bare allegation of overcrowding does not state a claim. Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982). Overcrowding can result in certain effects which form the basis for a constitutional violation, such as increased violence, the dilution of constitutionally required services, and shelter unfit for human habitation. Id.; see also Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) (*per curiam*) (reversing district court's dismissal of claim that overcrowding caused increased stress, tension, communicable disease, and confrontation between inmates); Toussaint v. Yockey, 722 F.2d 1490, 1492 (9th Cir. 1984) (constitutional violation may occur as a result of overcrowded prison conditions engendering violence, tension and psychiatric problems). However, Plaintiff has made no such claims. Thus, the Court will dismiss Count Two without prejudice.

**E.   Dismissal of Individual Members of the Board of Supervisors**.

Plaintiff has sued the individual members of the Maricopa County Board of Supervisors in their official capacity as the "supervising board over Maricopa Co[unty] Jails."

When a person is sued in an official capacity, the real party in interest is the entity of which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978)). In this case, that entity is Maricopa County. The actions of individuals may support liability only if the employees were acting pursuant to an official policy or custom *of the municipality*. Botello v. Gammick, 413 F.3d 971, 978-79 (9th Cir. 2005), cert. denied, 126 S. Ct. 1419 (2006); Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). Plaintiff must allege, as a matter of law, that the policy or custom *of the municipality* caused him to suffer constitutional injury. Sadoski v. Mosley, 435 F.3d 1076, 1080 (9th Cir. 2006), pet. for cert. filed, No. 05-1283, 74 U.S.L.W. 3587 (April 4, 2006).

Plaintiff has not alleged that a policy or custom of *Maricopa County* caused his constitutional injuries. In addition, the individual members of the Maricopa County Board of Supervisors "are entitled to absolute immunity from liability under § 1983 for their legislative acts." Bogan v. Scott-Harris, 523 U.S. 44, 49, 55-56 (1998) (applying legislative

1 immunity where "[t]he ordinance reflected a discretionary, policymaking decision
2 implicating budgetary priorities of the city and the services the city provides to its
3 constituents").

4 Therefore, the Court will dismiss Defendants Wilcox, Brook, Kuniseth, Stapley, and
5 Wilson from this action.

**F.  Failure to Link Defendants with Injuries**.

7 Plaintiff has also named five John Does. To state a valid claim under § 1983, Plaintiff
8 must allege that he suffered a specific injury as a result of specific conduct of a defendant,
9 and show an affirmative link between the injury and the conduct of that defendant. <u>Rizzo</u>
10 <u>v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976). Plaintiff has failed to demonstrate a link
11 between the John Doe Defendants' conduct and Plaintiff's alleged injuries. Therefore, the
12 five John Doe Defendants will be dismissed without prejudice from this case.

**G.  Warnings.**

*1. Address Changes*

15 Plaintiff must file and serve a notice of a change of address 10 days before his move
16 is effective. <u>See</u> Local Rules of Practice (LRCiv) 83.3(d). Plaintiff shall not include a
17 motion for other relief with his notice of change of address.

*2. Copies*

19 Plaintiff must submit an additional copy of every original motion or other document
20 filed for use by the District Judge or Magistrate Judge to whom the case is assigned. <u>See</u>
21 LRCiv 5.4. Failure to comply with this requirement may result in the motion or document
22 being stricken without further notice to Plaintiff.

*3. Possible dismissal*

24 Plaintiff is warned that if he fails to timely comply with every provision of this Order,
25 including these warnings, this action will be dismissed without further notice. <u>See</u> <u>Ferdik v.</u>
26 <u>Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action for
27 failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (attached to document #1) is **GRANTED**.

(2) Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $29.30. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) Count Two and Defendants Mary Rose Wilcox, Fulton Brook, Andrew Kuniseth, Don Stapley, and Max Wilson are **dismissed without prejudice**.

(4) Defendant Joseph M. Arpaio will be **required to answer** Counts One and Three.

(5) The Clerk of Court shall send Plaintiff a service packet including the Complaint (document #1), this Order, and both summons and request for waiver forms for Defendant Joseph M. Arpaio.

(6) Plaintiff shall complete and return the service packet to the Clerk of Court within **20 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on the Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were

1 returned as undeliverable as soon as they are received. If a waiver of service of summons
2 is not returned by a Defendant within 30 days from the date the request for waiver was sent
3 by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

1      (12) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

    (13) This matter is referred to Magistrate Virginia A. Mathis pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

DATED this 22nd day of May, 2006.

_____
Stephen M. McNamee
United States District Judge